### A99A2314. JOHNSON v. RODIER.
(529 SE2d 442)

BARNES, Judge.

Donald K. Johnson, a Harris County deputy sheriff, sued James Barton Rodier, M.D., for tortious interference with his employment, invasion of privacy, and fraud, stemming from a conversation Dr. Rodier had with Johnson's employer regarding Johnson's mental state. Dr. Rodier answered and moved to dismiss the unverified complaint on the ground that Johnson had failed to attach an expert affidavit as required by OCGA § 9-11-9.1. The trial court granted the motion as to the tortious interference and invasion of privacy claims and later granted summary judgment to Rodier on the fraud claim. Johnson appeals, arguing that the first two claims did not allege a violation of professional standards that required an expert's supporting affidavit and that issues of fact remained for a jury on the fraud claim. For the reasons that follow, we reverse the dismissal of the counts alleging invasion of privacy and tortious interference with employment and affirm the grant of summary judgment to defendant Rodier on the fraud count.

1. In his complaint, Johnson alleged that on August 30, 1996, he visited Dr. Rodier, his personal physician, to discuss a physical problem. After the visit, Rodier contacted Johnson's employer and told

him Johnson "should not be allowed to carry a firearm, deal with the public in a stressful situation, or control a motor vehicle under high speed stressful driving situations because he was mentally unfit." Johnson claimed that Rodier's communication with the sheriff breached his duty to protect Johnson's privacy and constituted tortious interference with Johnson's employment because the allegation that he was not mentally fit was untrue. Dr. Rodier successfully moved to dismiss these two counts, arguing that Johnson's allegations against him arose out of his medical care and treatment, making Johnson's failure to attach an expert affidavit to his complaint fatal to his claim.

Johnson argues on appeal that he did not need to attach an expert affidavit to his complaint because he was not suing Dr. Rodier for the exercise of his medical judgment, but for "independent tort[s] separate and distinct from the tort of medical malpractice."

OCGA § 9-11-9.1 (a) provides that, in an action for damages alleging professional malpractice, the plaintiff must file with the complaint an expert's affidavit setting out "specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." The Supreme Court of Georgia recently examined the parameters of the statute, holding that the legislature "limited § 9-11-9.1 to only those actions for professional *negligence* by enacting a statute which stated that the necessary expert affidavit had to set forth 'a negligent act or omission claimed to exist and the factual basis for each claim.' " (Citations and punctuation omitted; emphasis in original.) *Labovitz v. Hopkinson,* 271 Ga. 330, 336 (3) (519 SE2d 672) (1999). However, "[t]hose claims grounded on a professional's *intentional* acts which allegedly resulted in injury to one with whom the professional had a professional relationship are not required to be accompanied by an expert affidavit." (Emphasis in original.) Id. at 336-337. As a result, the Supreme Court concluded that the plaintiff was not required to submit an expert affidavit in support of her fraud and misrepresentation claims. Id. at 337.

Johnson claims Dr. Rodier invaded his privacy and tortiously interfered with his employment. These claims are based on Rodier's intentional act of telling Johnson's employer about Johnson's medical condition. Because Johnson makes no claim against Rodier based on professional negligence, he did not have to attach an expert affidavit to his complaint, and the trial court erred in granting Rodier's motion to dismiss the invasion of privacy and tortious interference with employment claims. See *Labovitz,* supra.

2. Johnson contends that the trial court erred in granting summary judgment to Dr. Rodier on the fraud count. The fraud arose, Johnson contends, when Rodier concealed from him the state of his mental condition and that Rodier "was not the appropriate physician

to treat a severe mental condition and by failing to refer Plaintiff to a psychiatrist or a psychologist." Johnson contends that he relied on Rodier's reassurances of good health and that Rodier's concealment of his diagnosis resulted in Johnson being fired. Rodier denied these allegations in his answer.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." (Citations omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). On appeal of a grant of summary judgment, this Court reviews the evidence de novo to determine whether a genuine issue of material fact exists or whether the movant is entitled to judgment as a matter of law. *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993).

Concealment of a material fact with the intention to deceive and mislead supports an action for fraud. OCGA § 51-6-2 (a). And when a confidential relationship exists, as between a patient and physician, "a person's silence when he should speak, or his failure to disclose what he ought to disclose, is as much a fraud in law as an actual affirmative false representation." (Citations omitted.) *Cleveland v. Albany Urology Clinic*, 235 Ga. App. 838, 840 (1) (509 SE2d 664) (1998), cert. granted, S99G0600.

> The tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff. For an action for fraud to survive a motion for summary judgment, there must be some evidence from which a jury could find each element of the tort. Because summary judgment is appropriate if only one essential element of [Johnson's] claim is eliminated, we need not address all the issues raised on appeal or in the motion for summary judgment to resolve this appeal.

(Citations and punctuation omitted.) *Fuller v. Perry*, 223 Ga. App. 129, 131 (1) (476 SE2d 793) (1996).

In his motion for summary judgment, Dr. Rodier argued that the record contains no evidence from which a jury could find each element of fraud. The first element of fraud is that the defendant made a false representation, and once Rodier pointed to the absence of evidence to support this element of Johnson's fraud claim, Johnson had to come forward with "specific evidence giving rise to a triable issue." *Lau's Corp. v. Haskins*, supra, 261 Ga. at 491. He did not do so and in fact presented no evidence at all in response to Rodier's motion for

summary judgment. Therefore, the trial court did not err in granting summary judgment to Rodier on Johnson's fraud claim.

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 10, 2000 —
RECONSIDERATION DENIED FEBRUARY 23, 2000 — 

*David J. Grindle*, for appellant.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Carter R. Page*, for appellee.