## A06A0962. HOWELL v. SHUMANS et al.
(636 SE2d 182)

SMITH, Presiding Judge.

In this appeal, this court is once again called upon to decide whether the affidavit requirement in OCGA § 9-11-9.1 applies to the allegations made by the plaintiff in her complaint. Because we conclude that the complaint did not allege professional negligence, OCGA § 9-11-9.1 does not apply, and the trial court therefore erred in dismissing the complaint.

Dr. David L. Shumans is a family practitioner. In her complaint against him and his professional corporation, Ola M. Howell alleged that she was his patient. Howell alleged that one of Shumans's employees, Felecia McEachin, telephoned her husband, Bobby McEachin, a supervisor at a local mill, and disclosed to him that Howell's test results indicated severe anemia and that Howell should get in touch with Dr. Shumans immediately. Howell also alleged that this information was heard by two other individuals. In her complaint, Howell characterized the disclosure as a breach of the defendants' duty to maintain confidentiality of her health information. To her complaint, Howell attached a letter from Dr. Shumans, in which he admitted the "error" and apologized.

It is well established that OCGA § 9-11-9.1 applies only to those situations in which a plaintiff files "any action for damages alleging

professional malpractice." OCGA § 9-11-9.1 (a). The Georgia Supreme Court has held that the legislature intended to limit the application of OCGA § 9-11-9.1 to actions for professional negligence. *Labovitz v. Hopkinson*, 271 Ga. 330, 336 (3) (519 SE2d 672) (1999). When a claim is based upon an allegation of a professional's *intentional* act that results in injury to one with whom the professional had a professional relationship, an affidavit is not required. Id. at 336-337. In *Labovitz*, therefore, the plaintiff was not required to provide an expert affidavit in support of her claims for fraud and misrepresentation. Id. at 337.

We reject Shumans's argument that this case is like *King v. Dodge County Hosp. Auth.*, 274 Ga. App. 44 (616 SE2d 835) (2005). In *King*, we held that medical judgment was involved in a nurse's decision to continue a procedure after the patient withdrew her consent. Id. at 47. We reasoned that in making her decision to continue the nurse was required to weigh alternatives and apply her specialized knowledge and skill. The propriety of the nurse's decision therefore could not be determined without expert medical opinion. Id. at 47-48.

That is not the situation here. In this case, an employee at the medical office was given instructions to locate Howell immediately. Whatever her reason for doing so, McEachin was not weighing medically feasible alternatives when she chose to reveal confidential information regarding Howell. Her task was simply to locate Howell and have her call the physician. Even assuming, without deciding, that McEachin was a "professional" within the purview of OCGA § 9-11-9.1, she could have performed this task without also revealing confidential medical information.

Howell claims that McEachin's actions invaded her privacy. Whether she can prove damages or the elements of her cause of action may be questionable, but the fact remains that she made no claim against Shumans for professional negligence. The issue presented is therefore controlled squarely and adversely to Shumans by this court's decision in *Johnson v. Rodier*, 242 Ga. App. 496 (529 SE2d 442) (2000). In *Johnson*, we found that an OCGA § 9-11-9.1 affidavit was not required when a claim was made for invasion of privacy. Id. at 496-497 (1). We hold that the trial court erred in dismissing Howell's complaint based upon her failure to append an OCGA § 9-11-9.1 affidavit to her complaint.

*Judgment reversed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 6, 2006.

*Vincent D. Sowerby*, for appellant.

*Chambless, Higdon, Richardson, Katz & Griggs, David N. Nelson, John J. Makowski*, for appellees.