A07A2136. WALKER et al. v. WALLIS et al.

(658 SE2d 217)

MIKELL, Judge.

Joel D. Walker and Patricia A. Walker filed a tort suit against attorney James W. Wallis, Jr. ("Wallis") and his law firm, Smith, Wallis & Scott, LLP ("SWS") (Wallis and SWS are collectively referred to herein as the "Wallis Defendants"). The trial court granted the Wallis Defendants' motion to dismiss for failure to state a claim upon which relief may be granted because the Walkers failed to file an expert affidavit as required by OCGA § 9-11-9.1. Because the complaint alleges intentional torts, no affidavit was required. Therefore, we reverse.

"On appeal from the grant of a motion to dismiss, we review the record de novo"[1] and "treat all well-pled material allegations by the nonmovant as true and all denials by the movant as false."[2] According to the complaint, Joel Walker and his company, All Fleet Refinishing, Inc. ("All Fleet"),[3] retained SWS to represent All Fleet in an action against Terry C. Brandenburg and others (the "Brandenburg suit"). During that litigation, the Walkers informed SWS of its increasing inability to pay its creditors, including West Georgia National Bank ("WGNB"). In April 2000, SWS obtained a judgment on behalf of All

---

[1] (Footnote omitted.) *Harris v. Emory Healthcare*, 269 Ga. App. 274 (603 SE2d 778) (2004).

[2] (Citation and punctuation omitted.) *Murrah v. Fender*, 282 Ga. App. 634 (639 SE2d 595) (2006).

[3] Joel and Patricia Walker are the only shareholders of All Fleet.

Fleet in the Brandenburg suit in the amount of $316,000. The judgment was appealed.

In October 2001, WGNB sent a letter to SWS notifying them that it had a first security interest in the proceeds of the Brandenburg suit and directing SWS not to distribute any proceeds to the Walkers or any other party but to send them directly to WGNB to apply to the Walkers' debt. Wallis informed the Walkers that he had a personal relationship with the president of WGNB and offered to contact him to determine the validity of the letter. The Walkers allege that during Wallis's conversation with WGNB's president, he did not determine the validity of the letter but instead shared confidential information about the Walkers and secured SWS's right to collect attorney fees from the judgment proceeds.

In December 2001, SWS informed the Walkers that they could pay the Walkers the proceeds from the judgment, but WGNB believed that it would receive the proceeds. A month later, in January 2002, SWS negotiated a settlement in the amount of $308,000 on behalf of the Walkers and All Fleet. The Walkers asked SWS not to inform WGNB of the settlement, but SWS replied that it could not withhold the information. When the Walkers received a settlement check in the amount of $146,000 from SWS, they discovered that SWS had a relationship with WGNB. On January 31, 2002, WGNB sued the Walkers, All Fleet, and the Wallis Defendants, alleging conspiracy to convert WGNB's collateral; i.e., the Brandenburg suit proceeds.[4] The Walkers allege that they discovered that SWS had acted deceitfully after receiving documents during the course of discovery in the lawsuit filed by WGNB.

In their complaint, the Walkers asserted that the Wallis Defendants committed fraud because they never disclosed the conflict of interest that arose when the Walkers' position became adversarial to WGNB, which conflict would have caused them to retain another attorney; that the Wallis Defendants entered an illegal and malicious agreement with WGNB to provide confidential information to WGNB without the permission of the Walkers, which constituted a breach of the Wallis Defendants' fiduciary duty to the Walkers; that the Wallis Defendants' actions caused WGNB to sue the Walkers and SWS; that the Wallis Defendants have been unjustly enriched; and that they caused the Walkers to suffer severe emotional distress.

The Wallis Defendants filed a motion to dismiss the Walkers' complaint, arguing that the complaint sounded in professional malpractice but failed to attach the required expert affidavit, pursuant to

---

[4] All Fleet appealed the grant of summary judgment to WGNB in *All Fleet Refinishing v. West Ga. Nat. Bank*, 280 Ga. App. 676 (634 SE2d 802) (2006).

OCGA § 9-11-9.1. In response, the Walkers countered that their complaint alleged intentional tortious acts committed by the Wallis Defendants against them, rather than professional malpractice or negligence. The trial court agreed with the Wallis Defendants, concluding that "plaintiffs' complaint cannot logically be construed to be anything other than a complaint for professional malpractice or professional negligence." Because the Walkers allege that the Wallis Defendants committed intentional rather than negligent acts against them, we reverse.

Our Supreme Court has limited the application of OCGA § 9-11-9.1 to actions for professional negligence.[5] We note that

> [n]ot every claim which calls into question the conduct of one who happens to be a lawyer[, however] is a professional malpractice claim requiring . . . an OCGA § 9-11-9.1 affidavit. It is only where the claim is based upon the failure of the professional to meet the requisite standards of the subject profession that the necessity to establish such standards and the violation thereof by expert testimony for the guidance of the jury arises.[6]

Therefore, "those claims grounded on a professional's *intentional* acts which allegedly resulted in injury to one with whom the professional had a professional relationship are not required to be accompanied by an expert affidavit."[7] A fortiori, "complaints asserting claims for intentional misconduct against a professional, including fraud and misrepresentation, do not require the inclusion of an expert affidavit."[8] Additionally, claims for breach of fiduciary duty do not require an expert affidavit as they are not based on negligence involving the performance of the professional's services.[9]

In this case, the Walkers' complaint asserts several claims that arise out of intentional conduct: that SWS *intentionally* breached a contract, *intentionally* breached a fiduciary duty, defrauded them,

---

[5] *Labovitz v. Hopkinson*, 271 Ga. 330, 334-336 (3) (519 SE2d 672) (1999). Accord *Howell v. Shumans*, 281 Ga. App. 459, 460 (636 SE2d 182) (2006).

[6] (Citation omitted.) *Hodge v. Jennings Mill, Ltd.*, 215 Ga. App. 507, 508 (451 SE2d 66) (1994).

[7] (Punctuation omitted; emphasis in original.) *Johnson v. Rodier*, 242 Ga. App. 496, 497 (1) (529 SE2d 442) (2000), citing *Labovitz*, supra at 336 (3).

[8] (Citations omitted.) *Murrah*, supra at 636 (1). See *Shuler v. Hicks, Massey & Gardner*, 280 Ga. App. 738, 741 (1) (b) (634 SE2d 786) (2006); *Smith v. Morris, Manning & Martin*, 264 Ga. App. 24, 26-27 (589 SE2d 840) (2003) (claims for breach of contract, breach of fiduciary duty, and fraud did not require an expert affidavit); *Johnson*, supra at 497 (1) (same with regard to claims of invasion of privacy and tortious interference with employment).

[9] *Tante v. Herring*, 264 Ga. 694, 695 (2) (453 SE2d 686) (1994).

caused them to suffer extreme emotional distress, and were unjustly enriched. Therefore, construed in the Walkers' favor,[10] the complaint alleges intentional acts, and an expert affidavit was not required.[11] As we stated in *Shuler*,[12] we are sympathetic to defendants' fears that plaintiffs may camouflage their allegations by labeling them as intentional acts instead of professional negligence,[13] which allows them to avoid filing an expert affidavit. Although in doing so, plaintiffs may overcome the hurdle of an OCGA § 9-11-12 (b) dismissal for failure to state a claim, they are required to prove that the professional acted intentionally rather than negligently in order to recover.[14]

*Judgment reversed. Johnson, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 20, 2008.

Joel D. Walker, *pro se.*
Patricia A. Walker, *pro se.*
*Carlock, Copeland, Semler & Stair, Michele A. Ritz,* for appellees.

---

[10] *Murrah,* supra.

[11] Compare *Mendoza v. Pennington,* 239 Ga. App. 300 (1) (519 SE2d 715) (1999) (expert affidavit required where claims were based on a failure to exercise legal judgment and to observe professional conduct and standards); *Richmond Leasing Co. v. Cooper, Cooper, Maioriello & Stalnaker,* 207 Ga. App. 623 (428 SE2d 603) (1993) (expert affidavit required in lawsuit alleging that appellee had been negligent and unskillful in its legal representation).

[12] Supra.

[13] Id. at 741 (1), n. 5.

[14] *Smith,* supra at 27.