**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 27, 2016**

# In the Court of Appeals of Georgia

A16A0368.  HOBBS  v.  GREAT  EXPRESSIONS  DENTAL CENTERS OF GEORGIA, P. C.

McMILLIAN, Judge.

Terry E. Hobbs, Sr. appeals following the dismissal of his complaint for failure to file an expert affidavit pursuant to OCGA § 9-11-9.1. We now affirm in part and reverse in part as more fully set forth below.

We review a trial court's ruling on a motion to dismiss de novo, viewing all well-pled allegations in the complaint as true. *Fortson v. Freeman,* 313 Ga. App. 326, 326 (721 SE2d 607) (2011). The record shows that Hobbs filed a verified complaint against appellee Great Expressions Dental Centers of Georgia, P. C. ("Great Expressions") asserting claims for breach of contract, fraud, breach of covenant of good faith and fair dealing, punitive damages, and attorney fees. Hobbs supported his

claims by detailed allegations concerning the failure of Great Expressions's dentists to properly perform and complete implant and related dental procedures. Great Expressions answered and moved to dismiss Hobbs' complaint, arguing that Hobbs' claims sounded in professional negligence and therefore required an expert affidavit pursuant to OCGA § 9-11-9.1. The trial court granted Great Expressions's motion based solely on Hobbs' failure to comply with OCGA § 9-11-9.1.

On appeal, Hobbs argues that the trial court erred because his complaint does not assert a claim for professional malpractice and instead is based on Great Expressions' failure to "live up to its end of the bargain" by failing to provide Hobbs the services he paid for. However, the gist of Hobbs' breach of contract claim is that Great Expressions dentists provided sub-standard care by negligently performing and failing to complete the services for which he paid. As our appellate courts have explained before, the expert affidavit requirement contained in OCGA § 9-11-9.1 (a) applies to "any action for damages alleging professional malpractice," based on the failure to perform professional services in accordance with the applicable standard of care, including breach of contract claims. *Fortson*, 313 Ga. App. at 328 (although complaint stated various causes of action, expert affidavit required because substance of complaint raised only claim for professional negligence); *Hodge v. Jennings Mill,*

2

*Ltd.,* 215 Ga. App. 507, 509 (451 SE2d 66) (1994) (trial court erred by denying motion to dismiss breach of contract claim "to the extent it sounded in malpractice"); *Crawford v. Johnson*, 227 Ga. App. 548, 551 (2) (a) (489 SE2d 552) (1997) (Regardless of nomenclature, claim asserted by a plaintiff that is predicated on allegations "that the defendant-professional . . . rendered negligent professional services" falls within the ambit of OCGA § 9-11-9.1 (a).). Accordingly, the trial court did not err by dismissing Hobbs' breach of contract claim based on his failure to support this claim with the expert affidavit required by OCGA § 9-11-9.1.

Hobbs also argues that an expert affidavit is not required to support a fraud claim.[1] Hobbs is correct that our appellate courts have repeatedly held that it is unnecessary to file an expert affidavit with a complaint asserting claims for intentional misconduct or acts against a professional, including claims for fraud and misrepresentation. *Labovitz v. Hopkinson*, 271 Ga. 330, 334 (3) (519 SE2d 672) (1999); *Walker v. Wallis*, 289 Ga. App. 676, 678 (658 SE2d 217) (2008); *Murrah v. Fender*, 282 Ga. App. 634, 635 (1) (639 SE2d 595) (2006); *Hodge,* 215 Ga. App. at 509. As to his fraud claim, Hobbs alleged in part that Great Expressions "made

---

[1] Hobbs also filed a claim for breach of covenant of good faith and fair dealing but does not challenge the dismissal of that claim. Accordingly, we do not reach this issue.

intentional misrepresentations . . . in an attempt to deceive Plaintiff into continuing to patronize Great Expressions . . . after sub-standard service had been provided to Plaintiff," and that such "misrepresentations were intended to deceive the Plaintiff of the services provided and believe that Great Expressions . . . was not responsible for the issues with the sub-standard service that had been provided." Thus, Hobbs alleged that Great Expressions engaged in intentional conduct designed to deceive him while he was a patient there. Accordingly, Hobbs was not required to file an expert affidavit to support his fraud claim, and the trial court erred by dismissing his fraud claim based on this failure.[2]

*Judgment affirmed in part and reversed in part. Miller, P. J., and McFadden, J., concur.*

---

[2] Great Expressions also argues that Hobbs' fraud claim should be dismissed because, by asking for a refund, Hobbs cannot show that he justifiably relied on any alleged misrepresentation. However, Great Expressions did not raise this contention in its motion to dismiss and reply brief in the trial court, and the trial court dismissed the complaint based solely on a failure to comply with OCGA § 9-11-9.1. Accordingly, we will not engage in a right for any reason analysis of this issue. *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827 (573 SE2d 389) (2002) (even in the context of de novo review, we do not apply the right for any reason rule to uphold an order of the trial court based on a ground not raised below).