**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 22, 2019**

# In the Court of Appeals of Georgia

A19A0559. WILLIAMS v. MURRELL et al.

BARNES, Presiding Judge.

Yolanda Williams sued John M. Murrell, D. P. M., and Midtown Foot Clinic, P. C., alleging in her amended complaint that the defendants had defrauded her by billing her for foot surgeries that were never performed. The trial court dismissed Williams's fraud claims based on her failure to file an expert affidavit with her complaint pursuant to OCGA § 9-11-9.1. Because Williams's fraud claims were grounded in allegations of intentional misconduct, those claims did not need to be accompanied by an expert affidavit, and we therefore reverse the judgment.

The record reflects that Williams was a patient of Dr. Murrell, a podiatrist, at the Midtown Foot Clinic. In October 2017, Williams sued Dr. Murrell and the Midtown Foot Clinic, seeking the production of her medical records, punitive

damages, and attorney fees. After receiving and reviewing the records from the defendants during the litigation, Williams amended her complaint to add two claims against the defendants in which she alleged that they had defrauded her by billing her for foot surgeries that were never performed.[1] Williams did not file an expert affidavit with her original or amended complaint.

After Williams filed her amended complaint, the defendants submitted a letter brief[2] to the trial court asserting that Williams's fraud claims implicated professional skill and judgment, necessitating the filing of an expert affidavit under OCGA § 9-11-9.1,[3] and that the amended complaint was defective because no affidavit had been

---

[1] Williams also filed a motion to add Midtown Surgical Center, LLC as a party defendant, but the trial court later ruled that the motion was moot in light of the dismissal of the fraud claims. Williams does not appeal that ruling.

[2] The letter brief is not included in the appellate record.

[3] OCGA § 9-11-9.1 provides in part:
(a) In any action for damages alleging professional malpractice against:
(1) A professional licensed by the State of Georgia and listed in subsection (g) of this Code section;
(2) A domestic or foreign partnership, corporation, professional corporation, business trust, general partnership, limited partnership, limited liability company, limited liability partnership, association, or any other legal entity alleged to be liable based upon the action or inaction of a professional licensed by the State of Georgia and listed in subsection (g) of this Code section; or
(3) Any licensed health care facility alleged to be liable based upon the

2

filed. Williams responded by filing a "Motion for Summary Judgment as to OCGA § 9-11-9.1 Defense" in which she sought a ruling that she was not required to file an expert affidavit under OCGA § 9-11-9.1 based on the fraud allegations raised in her amended complaint. The defendants opposed Williams's motion and filed a "Cross Motion for Summary Judgment," asserting that Williams's failure to attach an OCGA § 9-11-9.1 affidavit to her amended complaint required the dismissal of her fraud claims and that her claim for the production of her medical records was now moot because the records had been produced.

---

action or inaction of a health care professional licensed by the State of Georgia and listed in subsection (g) of this Code section, the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.
. . .
(g) The professions to which this Code section shall apply are:
. . .
(11) Medical doctors . . . .

The trial court thereafter entered its order dismissing Williams's fraud claims, ruling on the party's self-styled cross-motions for summary judgment in the defendants' favor.[4] The trial court stated:

Plaintiff does not allege that Defendant Murrell billed her for surgeries not performed, but rather she alleges that Defendant Murrell did not perform the procedures for which he billed her. The record reflects, and Plaintiff concedes, that Defendant Murrell performed various procedures on Plaintiffs feet on October 5, 13, and 18, 2016. Thus, whether Defendants committed fraud in billing Plaintiff for the procedures she claims were not done turns on a determination of what, or to what extent, procedures actually were performed. As neither Plaintiff nor the Court have professional knowledge in the area of podiatric surgery, this critical issue requires the exercise of professional knowledge and judgment. [Cit.] Therefore, an expert affidavit under OCGA § 9-11-9.1 is required, and Plaintiff's failure to file such an affidavit necessitates the dismissal of her fraud claims.

This appeal by Williams followed.

1. Williams contends that because she alleged claims for fraud in her amended complaint rather than claims for professional malpractice, the trial court erred in

_____

[4] The trial court also held that the first count of the amended complaint, which sought production of Williams's medical records, was moot because the records had been produced during the litigation. Williams does not challenge that ruling by the trial court.

4

dismissing those claims on the ground that she failed to file an expert affidavit under OCGA § 9-11-9.1. We agree.

(a) At the outset, we note that the defendants call attention to the fact that in her brief, Williams expressly enumerates as error the trial court's denial of her "Motion for Summary Judgment as to OCGA § 9-11-9.1 Defense," but not the trial court's grant of the defendants' "Cross Motion for Summary Judgment." Given this omission, the defendants contend that Williams has abandoned any argument that the trial court's ruling in favor of the defendants on the expert affidavit issue was erroneous. See *Kitchin v. Reidelberger*, 311 Ga. App. 135, 137 (4) (714 SE2d 361) (2011) ("An appealing party . . . may not use its brief to expand its enumerations of error by arguing the incorrectness of a trial court ruling not mentioned in the enumerations of error."). We are unpersuaded.

OCGA § 5-6-48 (f) provides in relevant part:

> Where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that . . . the enumeration of errors fails to enumerate clearly the errors sought to be reviewed.

5

"[T]he legislature, in enacting OCGA § 5-6-48 (f), has imposed on the appellate courts a statutory duty to discern what errors an appellant is attempting to articulate." *Felix v. State*, 271 Ga. 534, 538 (523 SE2d 1) (1999). Furthermore, pursuant to OCGA § 5-6-30, the Appellate Practice Act is to be "liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case or refusal to consider any points raised therein."

In the present case, Williams's notice of appeal shows that she is appealing the judgment entered on the parties' cross-motions in which the trial court dismissed her fraud claims for failure to include an OCGA § 9-11-9.1 expert affidavit. And, in the "Enumeration of Errors" section of her brief, Williams expressly asserts that "Georgia does not require an expert's affidavit to accompany a complaint alleging fraud." In light of the aforementioned statutory directives, we conclude that when the notice of appeal, the record, and Williams's enumerations of error are read together, it is clear that Williams intended to appeal the trial court's judgment dismissing her fraud claims and to claim as error the trial court's determination that an OCGA § 9-11-9.1 expert affidavit was required to support those claims. See *Strickland v. State*, 165 Ga. App. 197, 199 (2) (300 SE2d 537) (1983) (appellate courts have a "duty to consider

6

what it perceives to be the substance of the enumerations"). We now turn to that claim of error.

(b) "Pursuant to OCGA § 9-11-9.1 (a), a claim alleging medical malpractice must be accompanied by an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." (Punctuation and footnote omitted.) *Oduok v. Fulton DeKalb Hosp. Auth.*, 340 Ga. App. 205, 206-207 (1) (797 SE2d 133) (2017). Notably, "[u]nlike OCGA § 9-11-56, which imposes an evidentiary requirement in the context of summary judgment on the merits, OCGA § 9-11-9.1 merely imposes an initial pleading requirement on the plaintiff in a malpractice action." *Holmes v. Lyons*, 346 Ga. App. 99, 102 (1) (815 SE2d 252) (2018). As we have explained,

> the purpose of OCGA § 9-11-9.1 is to reduce the number of frivolous malpractice suits being filed, not to require a plaintiff to prove a prima facie case entitling him to recover and capable of withstanding a motion for summary judgment before the defendant need file his answer.

(Punctuation and footnote omitted.) *Sawyer v. DeKalb Med. Center*, 234 Ga. App. 54, 56 (2) (506 SE2d 197) (1998). Therefore,

> [n]oncompliance with OCGA § 9-11-9.1 (a) is properly challenged in a defensive pleading seeking dismissal of the complaint for failure to state

7

a claim. OCGA §§ 9-11-9.1 (e); 9-11-12 (b) (6). Summary judgment, which addresses the merits, is not the proper vehicle to challenge the pleading, of which the affidavit is a part.

*Williams v. Hajosy*, 210 Ga. App. 637, 638 (1) (436 SE2d 716) (1993). See *Hodo v. Gen. Hosp. of Humana*, 211 Ga. App. 6, 8 (2) (438 SE2d 378) (1993).

Here, the parties styled their cross-motions on the expert affidavit issue as motions for summary judgment, and the trial court ruled in favor of the defendants. "But pleadings, motions, and orders are construed according to their substance and function and not merely by nomenclature." *Forest City Gun Club v. Chatham County*, 280 Ga. App. 219, 220 (633 SE2d 623) (2006). Given that OCGA § 9-11-9.1 imposes only a pleading requirement on a plaintiff, "we will address the merits of this appeal as if the trial court had dismissed [Williams's fraud claims for failure to state a claim] rather than granted summary judgment [to the defendants]." (Citation and punctuation omitted.) *Bala v. Powers Ferry Psychological Assn.*, 225 Ga. App. 843, 844 (1) (491 SE2d 380) (1997). See *Druckman v. Ethridge*, 198 Ga. App. 321, 321 (1) (401 SE2d 336) (1991). In doing so, we are mindful that

> [w]hen the sufficiency of a plaintiff's complaint to state a claim for relief is questioned by a motion to dismiss, it is to be construed in the light most favorable to the plaintiff with all doubts resolved in his favor

8

even though unfavorable constructions are possible. Not unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts should the complaint be dismissed.

(Citation and punctuation omitted.) *Bowen v. Adams*, 203 Ga. App. 123, 123-124 (416 SE2d 102) (1992). As explained below, application of this standard leads us to conclude that the trial court erred in dismissing Williams's fraud claims for failure to file an OCGA § 9-11-9.1 expert affidavit.

"OCGA § 9-11-9.1, by its very language, is applicable only to those professional malpractice actions alleging professional negligence." *Labovitz v. Hopkinson*, 271 Ga. 330, 334 (3) (519 SE2d 672) (1999).

[N]ot every claim which calls into question the conduct of one who happens to be a [doctor or other designated professional], however[,] is a professional malpractice claim requiring an OCGA § 9-11-9.1 affidavit. It is only where the claim is based upon the failure of the professional to meet the requisite standards of the subject profession that the necessity to establish such standards and the violation thereof by expert testimony for the guidance of the jury arises. Therefore, those claims grounded on a professional's *intentional* acts which allegedly resulted in injury to one with whom the professional had a professional relationship are not required to be accompanied by an expert affidavit. A fortiori, complaints asserting claims for intentional misconduct

9

> against a professional, including fraud and misrepresentation, do not require the inclusion of an expert affidavit.

(Citations and punctuation omitted; emphasis in original.) *Walker v. Wallis*, 289 Ga. App. 676, 678 (658 SE2d 217) (2008). See *Hobbs v. Great Expressions Dental Centers of Ga.*, 337 Ga. App. 248, 249 (786 SE2d 897) (2016) (citing cases and pointing out that "our appellate courts have repeatedly held that it is unnecessary to file an expert affidavit with a complaint asserting claims for intentional misconduct or acts against a professional, including claims for fraud and misrepresentation"); *Bowling v. Foster*, 254 Ga. App. 374, 381 (1) (b) (562 SE2d 776) (2002) ("[N]o expert testimony is required to establish that it is improper for physicians to defraud their clients.") (citation and punctuation omitted).

Here, as previously pointed out, Williams's amended complaint included two fraud counts. As to the first fraud count, the amended complaint alleged that on October 5, 2016, Dr. Murrell represented to Williams that he had performed hammertoe correction surgery on her foot, bandaged her foot and told her she needed to keep her foot elevated post-surgery, and later billed her for that surgery and for post-procedure x-rays. The amended complaint further alleged that Williams paid the bill, but that Dr. Murrell had not in fact performed hammertoe corrective surgery on

10

her, that he had knowingly misrepresented to her that the surgery had been performed, and that he had billed her for it and for post-surgery x-rays that were either unnecessary or had never been done. As a result, the amended complaint alleged, Williams paid for services not rendered.

As to the second fraud count, the amended complaint alleged that Dr. Murrell represented to Williams that he had performed bunion surgery on the big toe of her right foot on October 13, 2016, and bunion surgery on the big toe of her left foot on October 18, 2016, and that he had later billed her for those surgeries and for post-procedure x-rays. The amended complaint further alleged that Williams paid the bill, but that Dr. Murrell had not in fact performed the bunion surgeries and instead had only removed in-grown toenails. The amended complaint also alleged that Dr. Murrell had knowingly misrepresented to Williams that he had performed the bunion surgeries and had billed her for them and for post-surgery x-rays that were either unnecessary or never done, with the result that Williams paid for services not rendered.

Construed liberally in Williams's favor, the aforementioned two counts of her amended complaint alleged intentional misconduct in the form of fraudulent billing for medical services never provided. Consequently, Williams was not required to file

11

an OCGA § 9-11-9.1 expert affidavit to support those fraud claims. See *Hobbs*, 337 Ga. App. at 249 (no OCGA § 9-11-9.1 expert affidavit required to support plaintiff's claim that dentist intentionally deceived him about the services that had been provided); *Estate of Shannon v. Ahmed*, 304 Ga. App. 380, 383-384 (1) (696 SE2d 408) (2010) (no OCGA § 9-11-9.1 expert affidavit required to support plaintiff's claim that physician made intentional misrepresentations regarding patient's medical condition); *Murrah v. Fender*, 282 Ga. App. 634, 635-636 (1) (639 SE2d 595) (2006) (no OCGA § 9-11-9.1 expert affidavit required to support plaintiff's claim that physician made intentional misrepresentations regarding medical facilities and equipment).

In concluding that Williams should have filed an expert affidavit with her amended complaint pursuant to OCGA § 9-11-9.1, the trial court reasoned that Williams's fraud claims turned on what procedures actually were performed by Dr. Murrell on her feet on October 5, 13, and 18, 2016, and that expert testimony would be necessary to answer that question.[5] It is true that a plaintiff alleging a fraud claim

---

[5] The trial court also stated that Williams had conceded that Dr. Murrell had performed various procedures on her feet on October 5, 13, and 18, 2016. However, as to the October 5 office visit, Williams's amended complaint alleged only that Dr. Murrell had bandaged her foot and told her to keep it elevated after knowingly misrepresenting to her that he had performed hammertoe surgery, not that he had

12

against a physician ultimately may need to support the claim with expert testimony to recover because issues requiring specialized medical knowledge have arisen in the case. See *Johnson v. Johnson*, 323 Ga. App. 836, 839 (747 SE2d 518) (2013). But whether expert testimony is ultimately necessary to prove a fraud claim at trial is a separate question from whether an expert affidavit must accompany a plaintiff's complaint under OCGA § 9-11-9.1, which turns on the threshold issue of whether the plaintiff alleged intentional misconduct by the physician, as Williams's amended complaint alleged in this case. See *Johnson*, 323 Ga. App. at 839 (noting that "[a]lthough OCGA § 9-11-9.1 does not apply [to a claim based on intentional conduct] and, as a result, [the plaintiff] was not required to attach an expert affidavit to his medical fraud complaint, this does not mean that expert testimony will not be necessary for a jury to find in his favor"). See also *Shuler v. Hicks, Massey & Gardner*, 280 Ga. App. 738, 741 (1) (634 SE2d 786) (2006) (no expert affidavit required under OCGA § 9-11-9.1 where plaintiff alleges fraud claim grounded in

_____

performed an actual surgical procedure on her. As to the procedures on October 13 and 18, Williams's amended complaint alleged that Dr. Murrell had removed in-grown toenails but had knowingly misrepresented to her that he performed bunion surgeries. Hence, Williams did not make any concessions that were fatal to her fraud claims.

13

intentional misconduct, even if the claim otherwise shares factual similarities with a professional negligence claim).

For these reasons, the trial court erred in dismissing Williams's fraud claims for failure to file an OCGA § 9-11-9.1 expert affidavit. In so ruling,

> we are sympathetic to defendants' fears that plaintiffs may camouflage their allegations by labeling them as intentional acts instead of professional negligence, which allows them to avoid filing an expert affidavit. Although in doing so, plaintiffs may overcome the hurdle of an OCGA § 9-11-12 (b) dismissal for failure to state a claim, they are required to prove that the professional acted intentionally rather than negligently in order to recover.

(Footnotes omitted.) *Walker v. Wallis*, 289 Ga. App. 676, 679 (658 SE2d 217) (2008).

2. In light of our ruling in Division 1, Williams's remaining enumeration of error is moot.

*Judgment reversed. Mercier and Brown, JJ., concur.*

14