A11A0972. PROCTER v. GWINNETT PULMONARY GROUP
& ASSOCIATES, P.C. et al.
(718 SE2d 860)

DOYLE, Judge.

Sharon R. Procter appeals from the trial court's dismissal of her medical malpractice and negligence claims filed against Gwinnett Pulmonary Group, P.C. & Associates, P.C., Dr. Sarah J. Hayat, and Shelly Hilliard ("the Defendants") on the ground that Procter failed

---

to timely file an expert affidavit pursuant to OCGA § 9-11-9.1. For the reasons that follow, we affirm in part and reverse in part.

Procter filed a pro se complaint against the Defendants, contending that on January 8, 2008, the Defendants violated the standard of care when Hilliard administered to Procter a drug via a bronchonebulizer, which caused Procter to lose her voice. After filing her complaint on January 8, 2010, Procter filed a motion for extension to file an expert affidavit pursuant to OCGA § 9-11-9.1, which affidavit Procter later filed on February 8, 2010. The Defendants answered and moved to dismiss Procter's claims on the basis that she had failed to file contemporaneously with her complaint the expert affidavit.

Procter, now represented by counsel, appeals the trial court's dismissal of her claims. "A motion to dismiss should only be granted if the allegations of the complaint, when construed in the light most favorable to the plaintiff with all doubts resolved in the plaintiff's favor, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts."[1]

1. Procter first argues that the trial court erred by dismissing her claims against Hilliard for failure to file an expert affidavit pursuant to OCGA § 9-11-9.1 because Hilliard is not a licensed professional for whom an affidavit is required. We agree and reverse the trial court's grant of the motion to dismiss as to Procter's claims against Hilliard.

In their appellate brief, the Defendants urge this Court to disregard Procter's argument because she failed to raise it before the trial court. Nevertheless, "OCGA § 9-11-9.1 . . . imposes an initial pleading requirement on the plaintiff in a malpractice action,"[2] and "[i]n reviewing the grant of a motion to dismiss [for failure to state a claim], it is the duty of the appellate court to construe the pleadings in the light most favorable to the appellant with all doubts resolved in appellant's favor."[3] "Not unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts should the complaint be dismissed."[4] Thus, it was incumbent upon the Defendants to establish before the trial court that Procter failed to state a claim, and our reversal is based upon our application of the correct standard of review of Procter's complaint.[5]

---

[1] (Punctuation omitted.) *Barnes v. Turner*, 278 Ga. 788, 789 (1) (606 SE2d 849) (2004).

[2] (Emphasis omitted.) *Bowen v. Adams*, 203 Ga. App. 123 (416 SE2d 102) (1992).

[3] (Punctuation omitted.) *Barnes*, 278 Ga. at 789, n. 6.

[4] *Bowen*, 203 Ga. App. at 123-124.

[5] Cf. *Beasley v. Northside Hosp.*, 289 Ga. App. 685, 688, n. 6 (658 SE2d 233) (2008) (noting that "[i]t is the evidence of record, not the assertions and objections made by counsel at the

In her complaint, Procter alleges that Hilliard, whom she characterizes as a "technician," performed negligent acts that led to her injuries. OCGA § 9-11-9.1 (a) requires the contemporaneous filing of an expert affidavit only in professional malpractice claims asserted against certain professionals, and "technician" does not fall into any of the categories of professionals enumerated within the Code section.[6] Thus, taking the allegations of the complaint in the light most favorable to Procter, she was not required to file an expert affidavit in order to state a claim against Hilliard.[7] Accordingly, we reverse as to Procter's claims against Hilliard and any derivative claims against Gwinnett Pulmonary Group.[8]

2. Procter maintains that the trial court erred by dismissing her claims against Dr. Hayat for failure to file an expert affidavit with her complaint because the trial court erroneously found that the 45-day extension pursuant to OCGA § 9-11-9.1 (b) did not apply to Procter as a pro se litigant. We disagree. In *Peck v. Bishop*,[9] this Court previously determined that a pro se litigant is not permitted an extension under this Code section. Accordingly, this enumeration is without merit, and the trial court's dismissals of Procter's claims related to Dr. Hayat and derivative clams against Georgia Pulmonary Group are affirmed.

3. Based on our determination in Division 1, we do not reach Procter's remaining enumeration.

*Judgment affirmed in part and reversed in part. Ellington, C. J., and Miller, P. J., concur.*

DECIDED NOVEMBER 10, 2011.

*Beverly R. Adams*, for appellant.

---

hearing, that determines the validity or invalidity of the grant of [a motion]") citing *Dental One Assoc. v. JKR Realty Assoc.*, 269 Ga. 616, 617 (1) (501 SE2d 497) (1998) and *Falanga v. Kirschner & Venker*, 286 Ga. App. 92, 97 (1) (b) (648 SE2d 690) (2007). Compare with *Heard v. City of Villa Rica*, 306 Ga. App. 291, 293-294 (701 SE2d 915) (2010).

[6] See OCGA § 9-11-9.1 (g) (listing architects, attorneys at law, audiologists, certified public accountants, chiropractors, clinical social workers, dentists, dietitians, land surveryors, marriage and family therapists, medical doctors, nurses, occupational therapists, optometrists, osteopathic physicians, pharmacists, physical therapists, physicians' assistants, podiatrists, professional counselors, professional engineers, psychologists, radiological technicians, respiratory therapists, speech-language pathologists, or veterinarians).

[7] See, e.g., *Pattman v. Mann*, 307 Ga. App. 413, 417, n. 13 (701 SE2d 232) (2010) (stating that the "affidavit requirement does not apply to any acts committed by [the lab technologist], who is not recognized as a 'professional' under Georgia law").

[8] See, e.g., OCGA § 9-11-9.1 (a) (2); *PN Express v. Zegel*, 304 Ga. App. 672, 680 (5) (697 SE2d 226) (2010).

[9] 294 Ga. App. 132, 133-134 (2) (668 SE2d 558) (2008).

*Owen, Gleaton, Egan, Jones & Sweeney, Melissa Phillips Reading, Rolfe M. Martin*, for appellees.