**THIRD DIVISION**
**DILLARD, C. J.,**
**GOBEIL and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 11, 2019**

# In the Court of Appeals of Georgia

A19A0694. ZEPHANIAH v. GEORGIA CLINIC, P.C.

DILLARD, Chief Judge.

Annie Zephaniah, acting *pro se*, filed a personal injury action against Georgia Clinic, P.C., alleging that she suffered injuries as a result of an employee's negligent attempt to draw blood. Georgia Clinic filed a motion to dismiss the complaint, arguing that it failed to include an expert affidavit as required by OCGA § 9-11-9.1. The trial court granted the motion, and Zephaniah, now represented by counsel, appeals, contending that the trial court erred because (1) the employee who injured her is not a licensed professional for whom an expert affidavit is required, and (2) she also alleged claims for intentional misconduct, which likewise do not require a supporting affidavit. For the reasons set forth *infra*, we reverse.

Although aspects of Zephaniah's *pro se* complaint are difficult to decipher, construing it in her favor,[1] the record shows that on May 25, 2016, she went to Georgia Clinic for unspecified reasons. And while there, an employee—identified as a technician named Margaret—attempted a venipuncture in Zephaniah's right forearm, allegedly without her permission, which resulted in various injuries.

On May 24, 2018, one day before the expiration of the applicable statutes of limitation,[2] Zephaniah filed her *pro se* lawsuit, ostensibly under OCGA § 9-11-9.1, alleging that Georgia Clinic "violated the Standard of Care and Professionalism" in negligently causing her injury. And in paragraph 7 of the complaint, Zephaniah asserted: "A worry I pray that I can release: Georgia Clinic, P.C. technician (first name "Margaret" per doctor April 2018) was unknown to me, appeared in my

---

[1] *See Dove v. Ty Cobb Healthcare Sys.*, 316 Ga. App. 7, 9 (729 SE2d 58) (2012) (noting that in reviewing a trial court's ruling on a motion to dismiss, this Court construes the complaint in the light most favorable to the plaintiff).

[2] *See* OCGA § 9-3-33 ("Except as otherwise provided in this article, actions for injuries to the person shall be brought within two years after the right of action accrues. . . ."); OCGA § 9-3-71 (a) ("Except as otherwise provided in this article, an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred.").

presence without professional presentation or warning injected a sharp instrument (needle) drew my blood, without my permission. . . ."

Shortly thereafter, Georgia Clinic filed an answer and, contemporaneously, a motion to dismiss on the ground that Zephaniah failed to file an expert affidavit with her complaint as required by OCGA § 9-11-9.1. Zephaniah subsequently filed an amended complaint, which differed from the original complaint only in that it provided a more detailed account of her alleged damages. And a few days later, she filed a response to Georgia Clinic's motion to dismiss, arguing that the blood draw was non-consensual but not directly addressing her failure to file an expert affidavit. On June 18, 2018, the trial court issued an order granting Georgia Clinic's motion to dismiss Zephaniah's complaint based on her failure to file an expert affidavit as required by OCGA § 9-11-9.1. This appeal follows.

OCGA § 9-11-9.1 imposes an initial pleading requirement on the plaintiff in a professional malpractice action,[3] and a motion to dismiss based upon the lack of

---

[3] *See Procter v. Gwinnett Pulmonary Grp., P.C.*, 312 Ga. App. 486, 487 (1) (718 SE2d 860) (2011) (punctuation omitted); *Bowen v. Adams*, 203 Ga. App. 123, 123 (416 SE2d 102) (1992); *Robinson v. Starr*, 197 Ga. App. 440, 441 (2) (398 SE2d 714) (1990).

expert affidavit is one for "failure to state a claim under OCGA § 9-11-12 (b) (6)."[4] We conduct a *de novo* review of a trial court's ruling on a motion to dismiss,[5] and in doing so construe the pleadings in "the light most favorable to the [plaintiff] with all doubts resolved in [the plaintiff's] favor."[6] Indeed, not unless the allegations of the complaint disclose with certainty that "the plaintiff would not be entitled to relief under any state of provable facts should the complaint be dismissed."[7] With these guiding principles in mind, we turn now to Zephaniah's contentions.

1. Zephaniah first argues that the trial court erred in granting Georgia Clinic's motion to dismiss because the employee who injured her is not a licensed professional for whom an expert affidavit under OCGA § 9-11-9.1 is required. We agree.

When a plaintiff files a lawsuit against a licensed health-care facility, as Zephaniah did here, "based on a claim that the facility is vicariously liable for the

---

[4] *Brown v. Tift Health Care, Inc.*, 279 Ga. App. 164, 165 (630 SE2d 788) (2006) (punctuation omitted); *accord Hewett v.* Kalish, 264 Ga. 183, 184 (1) (442 SE2d 233) (1994); *Ziglar v. St. Joseph's/Candler Health Sys., Inc.*, 341 Ga. App. 371, 371 (800 SE2d 395) (2017).

[5] *See Dove*, 316 Ga. App. at 9 (punctuation omitted).

[6] *Procter*, 312 Ga. App. at 487 (1) (punctuation omitted).

[7] *Id.* (punctuation omitted).

4

professional malpractice of a health care professional licensed by the State of Georgia and listed in [OCGA § 9-11-9.1 (g)], the plaintiff is required to file an expert affidavit with the complaint in accordance with the requirements of OCGA § 9-11-9.1 (a)."[8] And the failure to file the required affidavit "subjects the complaint to dismissal."[9] Consequently, a § 9-11-9.1 affidavit is required when "the issue is a defendant's compliance with a professional standard of conduct, but when professional judgment and skill are not involved, a § 9-11-9.1 affidavit is not required."[10]

Here, Zephaniah cites to OCGA § 9-11-9.1 in her complaint and alleges a violation of professionalism and the standard of care; but we are not bound by this characterization of her claims, and "instead must review the complaint de novo to

---

[8] *Health Mgmt. Assocs., Inc. v. Bazemore*, 286 Ga. App. 285, 286 (648 SE2d 749) (2007); *see* OCGA § 9-11-9.1 (a) ("In any action for damages alleging professional malpractice . . . the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.").

[9] *Bazemore*, 286 Ga. App. at 286; *accord MCG Health, Inc. v. Casey*, 269 Ga. App. 125, 127 (603 SE2d 438) (2004).

[10] *Bazemore*, 286 Ga. App. at 286 (punctuation omitted); *accord Lamb v. Candler General Hosp., Inc.*, 262 Ga. 70, 71 (2) (413 SE2d 720) (1992).

discover the nature of [her] claims."[11] Moreover, Zephaniah also characterizes the person who performed the venipuncture as a "technician," and a "'technician' does not fall into any of the categories of professionals enumerated within [OCGA § 9-11-9.1 (g)]."[12] Nevertheless, Georgia Clinic claims that the trial court was justified in dismissing Zephaniah's complaint for failure to comply with OCGA § 9-11-9.1 (g) because the only way to avoid doing so is to give an "extremely liberal interpretation" of the complaint's allegations, which defy "logic and common sense." Georgia Clinic also highlights that the complaint does not (1) provide the last name of the technician who performed the venipuncture; (2) indicate how Zephaniah knows that the person who performed the venipuncture was a technician, as opposed to some other professional who would be covered by OCGA § 9-11-9.1 (g); and (3) describe Zephaniah's "physical or verbal reaction" to the "first attempted venipuncture" or

[11] *Ziglar*, 341 Ga. App. at 373.

[12] *Procter*, 312 Ga. App. at 488 (1); *see* OCGA § 9-11-9.1 (g) (listing the professions to which the Code section applies as architects, attorneys at law, audiologists, certified public accountants, chiropractors, clinical social workers, dentists, dietitians, land surveyors, marriage and family therapists, medical doctors, nurses, occupational therapists, optometrists, osteopathic physicians, pharmacists, physical therapists, physicians' assistants, podiatrists, professional counselors, professional engineers, psychologists, radiological technicians, respiratory therapists, speech-language pathologists, or veterinarians).

6

"any other action she took to let the individual drawing her blood know that she was in pain." But as Zephaniah correctly notes in response to these objections, the Georgia Civil Practice Act only requires notice pleading,[13] and we are required to (1) construe a complaint in the light most favorable to the plaintiff with any doubts resolved in her favor[14] and (2) hold *pro se* pleadings to less stringent standards than formal pleadings drafted by attorneys.[15] Thus, construing the allegations of the

---

[13] *See Campbell v. Ailion*, 338 Ga. App. 382, 384-85 (790 SE2d 68) (2016) (noting that "the Georgia Civil Practice Act requires only notice pleading and, under the Act, pleadings are to be construed [forgivingly] and reasonably to achieve substantial justice consistent with the statutory requirements of the Act." (punctuation omitted)); *see also Charles H. Wesley Ed. Found. v. State Election Bd.*, 282 Ga. 707, 713-14 (654 SE2d 127) (2007) (holding that the Civil Practice Act requires only that a complaint "give the defendant fair notice of what the claim is and a general indication of the type of litigation involved; the discovery process bears the burden of filling in details" (punctuation and footnote omitted)).

[14] *Procter*, 312 Ga. App. at 487 (1); *see Babalola v. HSBC Bank, USA, N.A.*, 324 Ga. App. 750, 750 (751 SE2d 545) (2013) (noting that this Court construes "the pleadings in the light most favorable to the plaintiff and with any doubts resolved in the plaintiff's favor." (punctuation omitted)).

[15] *See Ikomoni v. Bank of Am., N.A.*, 330 Ga. App. 776, 777 (769 SE2d 527) (2015) (holding that "a pro se complaint . . . is not held to stringent standards of formal pleadings" (punctuation omitted); *Seay v. Roberts*, 275 Ga. App. 295, 296 (620 SE2d 417) (2005) (noting that this Court does not "hold pro se complaints to the stringent standards of formal pleadings, and, in so [forgivingly] construing them, we dismiss such claims only if the plaintiff cannot prove any facts that would entitle him to relief").

complaint in the light most favorable to Zephaniah, as we must, she was not required to file an expert affidavit in order to state a claim against Georgia Clinic.[16] Accordingly, the trial court erred in granting Georgia Clinic's motion to dismiss Zephaniah's complaint for failing to file an affidavit under OCGA § 9-11-9.1.

2. Next, Zephaniah argues that the trial court erred in granting Georgia Clinic's motion to dismiss because she also alleged claims for intentional misconduct for which an expert affidavit under OCGA § 9-11-9.1 is similarly not required. Again, we agree.

---

[16] *See Procter*, 312 Ga. App. at 488 (1) (holding plaintiff was not required, under OCGA § 9-11-9.1 (a), to file an expert affidavit in support of negligence claim against a medical defendant whom she characterized as a "technician," given that "technician" did not fall within any of the categories of professionals enumerated in OCGA § 9-11-9.1 (g)); *Pattman v. Mann*, 307 Ga. App. 413, 417 n.13 (701 SE2d 232) (2010) (noting that the "affidavit requirement does not apply to any acts committed by [the lab technologist], who is not recognized as a 'professional' under Georgia law"); *see also Sembler Atlanta Dev. I, LLC v. URS/Dames & Moore, Inc.*, 268 Ga. App. 7, 9 (601 SE2d 397) (2004) (noting that, by its specific terms, OCGA § 9-11-9.1 (a) limits the expert affidavit requirement to professional malpractice suits against members of one of the enumerated professions or the employer of same when the employer's liability is predicated on the professional negligence of such employee).

Importantly, the Supreme Court of Georgia has limited the application of OCGA § 9-11-9.1 to "actions for professional negligence."[17] As a result, claims grounded on a professional's *intentional* acts, which allegedly result in injury to one with whom the professional had a professional relationship, "are not required to be accompanied by an expert affidavit."[18]

Here, Zephaniah alleges in her complaint that the Georgia Clinic technician performed a venipuncture and drew her blood "without [her] permission." And a medical "touching" without consent is "like any other touching without consent: it constitutes the intentional tort of battery for which an action will lie."[19] Again, construing the allegations of the complaint in the light most favorable to Zephaniah,

---

[17] *Walker v. Wallis*, 289 Ga. App. 676, 678 (658 SE2d 217) (2008); *see Labovitz v. Hopkinson*, 271 Ga. 330, 334-35 (3) (519 SE2d 672) (1999) (holding that the expert affidavit requirement for complaints alleging claims against professionals is applicable only to those professional-malpractice actions alleging professional negligence and not to intentional acts).

[18] *Walker*, 289 Ga. App. at 678 (punctuation omitted); *see Hobbs v. Great Expressions Dental Ctrs. of Ga., P. C.*, 337 Ga. App. 248, 249 (786 SE2d 897) (2016) (noting that our appellate courts have repeatedly held that it is unnecessary to file an expert affidavit with a complaint asserting claims for intentional misconduct or acts against a professional).

[19] *Lockhart v. Bd. of Regents of the Univ. Sys. of Ga.*, 316 Ga. App. 759, 762-63 (1) (a) (730 SE2d 475) (2012) (punctuation omitted); *accord Doctors Hosp. of Augusta, LLC v. Alicea*, 332 Ga. App. 529, 544 (3) (774 SE2d 114) (2015).

she has alleged an intentional tort for which an expert affidavit was not required.[20]

Accordingly, for all these reasons, the trial court erred in dismissing Zephaniah's complaint.

*Judgment reversed. Gobeil and Hodges, JJ., concur.*

---

[20] *See Oduok v. Fulton DeKalb Hosp. Auth.*, 340 Ga. App. 205, 207-08 (1) (a) (797 SE2d 133) (2017) (holding that trial court erred in dismissing plaintiff's intentional tort claims against hospital as such did not require an affidavit under OCGA § 9-11-9.1); *Hobbs*, 337 Ga. App. at 249 (holding that because plaintiff alleged that dental facility engaged in intentional conduct designed to deceive him while he was a patient there, plaintiff was not required to file an expert affidavit under OCGA § 9-11-9.1). Alternatively, Georgia Clinic argues that even if Zephaniah's complaint can be construed as having alleged intentional misconduct, it should, nevertheless, be dismissed because she failed to sufficiently plead such claims. But while Georgia Clinic may be correct in that regard, its motion to dismiss and the trial court's order granting that motion exclusively focused on Zephaniah's failure to file an expert affidavit, and we will not "review issues not raised in the trial court." *Am. Acad. of Gen. Physicians, Inc. v. LaPlante*, 340 Ga. App. 527, 533 (3) (798 SE2d 64) (2017). And while it is understandable that *pro se* pleadings can be frustrating, a defendant may always seek "greater particularity [by moving] for a more definite statement or wait for the outcome of discovery." *Roberts v. Nessim*, 297 Ga. App. 278, 285 (2) (676 SE2d 734) (2009) (punctuation omitted).