[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11085
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-01515-WMR

RONALD E. GOVAN,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA DEPARTMENT
OF VETERANS AFFAIRS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 20, 2019)

Before TJOFLAT, JORDAN and HULL, Circuit Judges.

PER CURIAM:

Ronald Govan, proceeding pro se, appeals from the district court's sua sponte dismissal without prejudice of his complaint raising claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674, against the United States Department of Veterans Affairs ("VA").  After review, we affirm.

## I. FACTUAL BACKGROUND

According to his amended complaint, Govan's claims in this case arose from his March 2017 interactions with laboratory personnel at the VA Medical Center in Decatur, Georgia.  On March 15, 2017, Govan went to the VA Medical Center for a regular visit with his doctor.  Govan's doctor ordered a series of lab tests, and after his exam, Govan proceeded to the lab for those tests.  Because the lab was crowded, Govan left the VA Medical Center without completing the ordered tests. Govan returned the next day, March 16, 2017, to complete the tests, but laboratory personnel told him they could not find any lab orders for him.

Govan then contacted the VA's Patient Advocate to make a complaint regarding the lab personnel's cancellation of his doctor's lab orders.  As a result of his complaint, the "Lab Supervisor was summoned and made aware of [Govan's] concerns and demands," and Govan returned to the lab to complete the testing his doctor ordered.

According to Govan, while he was having his blood plasma drawn, and in retaliation for his complaint, VA lab personnel introduced a "controlled and/or

2

regulated substance" into his body, knowing that the substance would cause his blood sugar to spike, resulting in dizziness or fainting.  Upon leaving the VA Medical Center, Govan "immediately began to feel light-headed" and "was sick all day."  Late that night, afraid to return to the VA Medical Center for treatment, Govan instead went to the emergency room at Emory Saint Joseph's Hospital.  At Saint Joseph's, Govan underwent "a host of test[s]," including chest x-rays, a CT scan of his chest, "numerous labs," an EKG, and "several hours of heart monitoring."

Govan further claimed that, after the March 16 incident, VA personnel continued to retaliate against him by repeatedly leaving messages on his phone containing confidential, personal information, in violation of VA policy.

## II. PROCEDURAL HISTORY

Shortly after the March 16, 2017 incident, Govan filed an administrative complaint with the VA.  In April 2018, after investigating Govan's complaint, the VA denied his claim and issued him a right to sue letter.

Govan then filed his present suit against the VA under the FTCA in the district court.  Govan also filed a motion for leave to proceed in forma pauperis, which the district court granted.

In his amended complaint, in addition to recounting the above facts, Govan asserted that the VA lab personnel: (1) intentionally harmed him and caused him

emotional distress; (2) were negligent in failing to follow VA policies and procedures; and (3) conspired to harm him and committed a criminal act against him by administering the "controlled and/or regulated substance," which caused him "to suffer an acute medical emergency" that "could have resulted in a disabling stroke, coma, and/or death."  Govan stated that he was bringing claims for medical malpractice and negligence under the FTCA, as well as based on the lab personnel's criminal acts.

The district court dismissed Govan's complaint sua sponte as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B).  The district court construed Govan's complaint as raising claims for medical malpractice, negligence, and criminal acts and/or criminal conspiracy.  The district court first determined that, to the extent Govan alleged a violation of any criminal statute, there was no civil cause of action for such claims.  Next, the district court concluded that Govan's medical malpractice claims were frivolous because he did not sufficiently allege that the VA breached a duty to him or that such breach was the proximate cause of any specific injury, and his allegations regarding the controlled substance were conclusory.  Lastly, the district court concluded that Govan failed to state a claim for negligence because he did not specify which VA policies the lab personnel allegedly violated or identify which lab personnel

4

violated those policies.  Accordingly, the district court dismissed Govan's complaint as frivolous and for failure to state a claim under § 1915(e)(2)(B).

### III. DISCUSSION

Under § 1915(e)(2)(B), in a case where the plaintiff seeks to proceed in forma pauperis, the district court "shall dismiss the case at any time if the court determines" that it "is frivolous" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).[1]  A claim is frivolous if it lacks an arguable basis in law or fact.  Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).  A claim is factually frivolous if the facts alleged are "clearly baseless" and "rise to the level of the irrational or the wholly incredible."  Denton v. Hernandez, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 1733 (1992).

To state a claim for relief, a complaint must contain sufficient factual matter that, accepted as true, states a claim that is plausible on its face.  Evans v. Georgia Reg'l Hosp., 850 F.3d 1248, 1253 (11th Cir. 2017).  A claim is plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

---

[1]We review a district court's dismissal of a complaint as frivolous under § 1915(e)(2)(B) for an abuse of discretion.  Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).  We review de novo a dismissal for failure to state a claim under § 1915(e)(2)(B), accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  Dimanche v. Brown, 783 F.3d 1204, 1214 (11th Cir. 2015).

Under the FTCA, the United States is liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances," applying the applicable state law.  See 28 U.S.C. § 2674; Turner ex rel. Turner v. United States, 514 F.3d 1194, 1203 (11th Cir. 2008).  Georgia law provides a cause of action for medical malpractice for "any claim of damages resulting from the death of or injury to any person arising out of" medical services, diagnosis, prescription, treatment, or care provided by a hospital or its employees.  See O.C.G.A. § 9-3-70.  To establish a medical malpractice claim under Georgia law, "a plaintiff must show: (1) the duty inherent in the health care provider-patient relationship; (2) breach of that duty by failing to exercise the requisite degree of skill and care; and (3) that this failure is the proximate cause of the injury sustained."  Renz v. Northside Hosp., Inc., 648 S.E.2d 186, 189 (Ga. Ct. App. 2007).

However, not all claims against medical providers constitute medical malpractice claims.  Medical malpractice claims are grounded in allegations of professional negligence.  See Zephaniah v. Georgia Clinic, P.C., 829 S.E.2d 448, 452 (Ga. Ct. App. 2019); see also Jones v. Bates, 403 S.E.2d 804, 806 (Ga. 1991) (explaining that "not every suit which calls into question the conduct of one who happens to be a medical professional is a 'medical malpractice' action," and that "[m]edical malpractice exists only where the act or omission by the professional

6

requires the exercise of expert medical judgment" (internal quotations omitted)). Claims grounded on a professional's intentional acts that allegedly resulted in injury are appropriately characterized as intentional tort claims and may be pursued as such. Zephaniah, 829 S.E.2d at 452 (concluding that plaintiff's allegation that a technician performed a venipuncture and blood draw on her without consent was "like any other touching without consent" and "constitute[d] the intentional tort of battery" (internal quotations omitted)).

To state a negligence claim under Georgia law, a plaintiff must show: (1) the existence of a legal duty of care; (2) a breach of that standard of care; (3) a causal connection between the breach and the plaintiff's injury; and (4) some loss or damage to the plaintiff as a result of the alleged breach. See Smith v. United States, 873 F.3d 1348, 1351 (11th Cir. 2017).

As a preliminary matter, Govan does not challenge on appeal the district court's dismissal of his claims based on alleged criminal violations. Accordingly, he has abandoned any such challenge. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (noting that while this Court reads pro se briefs liberally, issues not briefed by a pro se litigant are deemed abandoned). Nevertheless, we note that the district court correctly dismissed those claims. Plaintiffs generally cannot pursue civil claims based on violations of a criminal statute unless the criminal statute itself creates a private right of action. See Donald Frederick Evans &

7

Assocs., Inc. v. Continental Homes, Inc., 785 F.2d 897, 912-13 (11th Cir. 1986);
see also Shotz v. City of Plantation, 344 F.3d 1161, 1167 n.7 (11th Cir. 2003).
Here, Govan's amended complaint did not identify any criminal statutes at all as
the basis for his claims, let alone one that creates a private right of action.
Accordingly, we affirm the district court's dismissal of Govan's criminal claims.

We likewise affirm the district court's dismissal of Govan's negligence
claims regarding VA personnel's alleged failure to follow various, unspecified VA
policies and procedures.  As the district court noted, Govan's complaint, for the
most part, does not identify what specific VA policies were violated, who violated
them, or how exactly they were violated.  The only policy Govan does identify
with some particularity is the alleged VA policy concerning nondisclosure of
confidential information over the phone.  As to that claim, however, Govan again
does not specify which VA personnel allegedly violated that policy, nor does he
allege that he suffered any injury as a result of the violation.  The district court
correctly concluded that, absent greater factual detail, Govan failed to sufficiently
plead a negligence claim.  See Smith, 873 F.3d at 1351.

Finally, we also affirm the district court's dismissal of Govan's medical
malpractice claims, but for a different reason.  See Evans, 850 F.3d at 1253 ("[W]e
may affirm on any ground supported by the record, regardless of whether that
ground was relied on or considered below.").  Although Govan characterizes his

8

amended complaint as raising a medical malpractice claim regarding his allegation that the VA lab personnel purposely introduced a controlled substance into his body while obtaining his blood plasma samples, his claim is more properly construed as an intentional tort claim. See Zephaniah, 829 S.E.2d at 451-52.

To be clear, unlike the plaintiff in Zephaniah, Govan is not challenging the blood draw itself—indeed, that was the very reason for his visit to lab, and Govan consented to that procedure. Rather, Govan's claim is that, while they were conducting the authorized blood draw, the VA lab personnel intentionally, and in retaliation for his complaint to the Patient Advocate, administered a controlled substance that they knew would cause elevated blood sugar, dizziness, and possibly fainting. Though somewhat different from the claim in Zephaniah, Govan's complaint likewise alleges that he was subjected to an unauthorized medical procedure—essentially, a battery claim. See id. at 452; see also King v. Dodge Cty. Hosp. Auth., 616 S.E.2d 835, 837 (Ga. Ct. App. 2005) ("An action for battery arises in the medical context when a medical professional makes unauthorized contact with a patient during examination, treatment, or surgery.").

Although the district court did not construe Govan's complaint as raising an intentional tort claim, we need not remand here for the district court to consider that claim because Govan has not raised it on appeal. In his brief on appeal, Govan argues only that his complaint stated plausible claims for medical malpractice and

9

negligence and that the district court erred in dismissing it for that reason.  Govan does not argue that his complaint also raised an intentional tort claim or that the district court erred in dismissing his complaint without addressing that claim.  Cf. Zephaniah, 829 S.E.2d at 449, 452 (plaintiff argued on appeal that the district court erred in dismissing her medical malpractice complaint in part because it also alleged claims for intentional misconduct).  Accordingly, Govan has abandoned his intentional tort claim on appeal.  See Timson, 518 F.3d at 874.

## IV. CONCLUSION

For all of these reasons, we affirm the district court's dismissal without prejudice of Govan's complaint.

**AFFIRMED.**

10