**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 13, 2023**

# In the Court of Appeals of Georgia

A22A1657. MERRITTS v. NORTH GEORGIA VETERINARY REFERRAL PRACTICE, INC., et al.

DILLARD, Presiding Judge.

Wendi Merritts filed suit against North Georgia Veterinary Referral Practice, Inc., and one of its veterinarians, Dr. Melville Kinney,[1] asserting claims of breach of contract, negligence, and fraud based on allegations that Kinney negligently performed a surgery not initially discussed on Merritts's dog. The defendants answered and moved to dismiss the complaint because Merritts failed to include an expert affidavit as required by OCGA § 9-11-9.1. Merritts then amended her complaint (withdrawing her negligence claim), and the defendants filed a second motion to dismiss, reiterating their argument that Merritts failed to include the

---

[1] For ease of reference, we refer to North Georgia Veterinary Referral Practice, Inc. and Dr. Melville Kinney collectively as the "defendants."

required expert affidavit and also contending she failed to sufficiently plead fraud. Following a hearing, the trial court granted the defendants' motion. Merritts now appeals, contending the trial court erred in dismissing her complaint. For the reasons noted below, we affirm.

Construing the pleadings in the light most favorable to Merritts,[2] the record shows that in September 2020, Merritts and the defendants discussed an issue her labradoodle was having with his back left leg; and initially, Kinney decided to conduct a surgical procedure known as tibial plateau leveling osteotomy ("TPLO"). On September 7, 2020, Merritts's dog was admitted to the defendants' office for the surgery, which was originally scheduled for that day. But on September 8, 2020, Kinney phoned Merritts, told her the surgery had gone well, but that her dog would need additional surgery—a lateral stabilization procedure—that had not been previously discussed. When Merritts voiced concerns about the additional cost of such a procedure, Kinney responded that she would not be charged extra, as it was

---

[2] *See Zephaniah v. Ga. Clinic, P.C.*, 350 Ga. App. 408, 410 (829 SE2d 448) (2019) (noting that in reviewing a motion to dismiss for failure to state a claim, we construe the pleadings in "the light most favorable to the plaintiff with all doubts resolved in the plaintiff's favor" (punctuation omitted)).

2

part of treating her dog's leg. Then, on September 9, 2020, Kinney informed Merritts the surgery had gone well, and her dog could be taken home the next day.

On September 10, 2020, Merritts arrived at the defendants' office to pick up her dog and pay the bill for the surgery. But upon reviewing the bill, Merritts noticed it made no mention of the TPLO surgery and that the charge for the procedure was $1,000 less than she had expected to pay. And when she inquired about this difference in cost, Kinney explained that he performed the lateral stabilization surgery as opposed to the TPLO because the former was a less invasive procedure, and the lower cost was a result. According to Merritts, prior to this conversation, she was under the impression the TPLO had been performed. After she paid the bill, the defendants provided Merritts with post-procedure care instructions, and she took her dog home.

Nearly one month later, Merritts's dog was still favoring his back left leg, refusing to place any weight on it, and so Merritts took him to a different veterinarian facility to get another opinion about treatment. And after an examination, a second veterinarian informed Merritts that there was still a problem with her dog's leg, and recommended the TPLO surgery. Merritts then sought a third opinion, and the veterinarian who examined her dog at that time informed her that he did not see a

3

band or clip normally used in a lateral stabilization surgery when he viewed the x-rays. This veterinarian also recommended that Merritts's dog undergo the TPLO surgery to correct the issue and referred Merritts to yet another veterinarian, Dr. Jennifer Newton, to perform the procedure. Thereafter, on November 30, 2020, Newton performed the TPLO surgery, during which she was unable to find the band typically used in a lateral stabilization surgery. Following this surgery, Merritts's dog fully recovered.

On May 12, 2021, Merritts sued the defendants, asserting claims of breach of contract, negligence, and fraud based on allegations that the TPLO surgery was never performed on her dog, as agreed upon, and, instead, a lateral stabilization procedure was incorrectly and unnecessarily done. The defendants filed an answer and, contemporaneously, also filed a motion to dismiss the complaint, arguing that Merritts failed to include an expert affidavit as required by OCGA § 9-11-9.1. Less than two weeks later, Merritts filed an amended complaint, in which she withdrew her negligence claim. But in all other respects, her amended complaint was identical to her original one. Merritts also filed a response to the defendants' motion to dismiss, arguing that because she withdrew her negligence claim, an expert affidavit was no longer required.

The defendants then filed an amended answer and a motion to dismiss the amended complaint, arguing that—despite the withdrawal of her negligence claim—Merritts was nonetheless still asserting claims based on their alleged professional malpractice. Additionally, the defendants argued that Merritts failed to sufficiently plead fraud, even if an expert affidavit was not required to support that claim. Merritts did not file a response to the defendants' amended motion, but she did file the affidavit of Newton, the veterinarian who ultimately performed the TPLO surgery on her dog, in which Newton averred that, in her opinion, no surgery had been performed and any procedure that was performed did not meet the appropriate standard of professional care.

Subsequently, the defendants filed a brief arguing that the expert affidavit Merritts filed was untimely and, regardless, did not comply with the requirements outlined in OCGA § 9-11-9.1. The trial court conducted a hearing on the matter, after which it granted the defendants' motion to dismiss on both grounds posited. This appeal follows.

1. Merritts first contends the trial court erred in dismissing her complaint for failure to include an expert affidavit, arguing, *inter alia*, that the withdrawal of her negligence claim rendered such an affidavit unnecessary. We disagree.

5

OCGA § 9-11-9.1 imposes "an initial pleading requirement on the plaintiff in a malpractice action."[3] And a motion to dismiss based upon the lack of expert affidavit is "a motion to dismiss for failure to state a claim under OCGA § 9-11-12 (b) (6)."[4] Needless to say, this Court conducts a *de novo* review of "a trial court's ruling on a motion to dismiss."[5] And in doing so, we are charged with construing "the pleadings in the light most favorable to the [plaintiff] with all doubts resolved in [the plaintiff's] favor."[6] Indeed, unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts, it should not be dismissed.[7]

Turning to the statute at issue, OCGA § 9-11-9.1 (a) pertinently provides:

---

[3] *Id.* at 410 (punctuation omitted); *accord Procter v. Gwinnett Pulmonary Grp., P.C.*, 312 Ga. App. 486, 487 (1) (718 SE2d 860) (2011).

[4] *Zephaniah*, 350 Ga. App. at 410 (punctuation omitted); *accord Ziglar v. St. Joseph's/Candler Health Sys., Inc.*, 341 Ga. App. 371, 371 (800 SE2d 395) (2017); *Brown v. Tift Health Care, Inc.*, 279 Ga. App. 164, 165 (630 SE2d 788) (2006).

[5] *Dove v. Ty Cobb Healthcare Sys.*, 316 Ga. App. 7, 9 (729 SE2d 58) (2012) (punctuation omitted).

[6] *Procter*, 312 Ga. App. at 487 (1) (punctuation omitted).

[7] *See id.*

6

In any action for damages alleging professional malpractice against [a] professional licensed by the State of Georgia and listed in subsection (g) of this Code section . . . the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.

And OCGA § 9-11-9.1 (g) (26) specifically imparts that, among other professions, the Code section applies to veterinarians.[8] So, when a plaintiff fails to file the required expert affidavit in support of her malpractice allegation, the complaint is "subject to dismissal for failure to state a claim."[9]

Importantly, the determinative factor as to "whether a suit in negligence is or is not a malpractice action within the ambit of OCGA § 9-11-9.1 is the existence or absence of allegations that the defendant-professional has rendered negligent

---

[8] *See Collins v. Newman*, 237 Ga. App. 861, 862 (2) (517 SE2d 100) (1999) (noting that veterinarians are among the professionals identified in OCGA § 9-11-9.1 (g)); *Crawford v. Johnson*, 227 Ga. App. 548, 552 (2) (b) (489 SE2d 552) (1997) (explaining that the requirements of OCGA § 9-11-9.1 apply to claims for professional malpractice by negligent act or omission, sounding in tort or breach of contract for failure to perform professional services in accordance with the professional standard of care).

[9] *Fortson v. Freeman*, 313 Ga. App. 326, 327 (721 SE2d 607) (2011); *see Roberson v. Northrup*, 302 Ga. App. 405, 406 (691 SE2d 547) (2010) (noting that a malpractice claim may be dismissed for failure to state a claim if no expert affidavit is filed).

professional services."[10] As a result, the plaintiff's characterization of her claims in her complaint does not control.[11] Rather, when "the failure to do a thing, or the negligent doing of it, is proved by reliance upon a general standard of care or by rules of procedure used by others competently performing the same service, it is a 'professional act or practice.'"[12] Indeed, whenever it is necessary to "establish the parameters of acceptable professional conduct in order to prove negligence or breach for failure to perform in a workmanlike manner, the case must be deemed a professional malpractice case."[13]

In this matter, Merritts maintains that she was not required to include an expert affidavit with her amended complaint because her claims were only for breach of contract and fraud after she withdrew her negligence claim; but this contention is

---

[10] *Crawford*, 227 Ga. App. at 551 (2) (a) (punctuation omitted).

[11] *See St. Mary's Health Care Sys., Inc. v. Roach*, 345 Ga. App. 274, 277 (1) (811 SE2d 93) (2018) (explaining that this Court has found that "although complaints against professionals may state claims based on ordinary as well as professional negligence, the complaint's characterization of claims as stating professional or ordinary negligence does not control" (punctuation omitted)); *Bardo v. Liss*, 273 Ga. App. 103, 104 (1) (614 SE2d 101) (2005) (same).

[12] *Crawford*, 227 Ga. App. at 551 (2) (a) (punctuation omitted).

[13] *Id.* (punctuation omitted).

belied by the actual allegations in her complaint. Specifically, Merritts's amended complaint states that Kinney initially agreed to perform TPLO surgery on her dog but later informed her that he performed a lateral stabilization surgery because it was a less invasive procedure. Additionally, her amended complaint further asserts that the lateral stabilization surgery performed by Kinney was unnecessary and not performed properly. As a result, Merritts's characterization of her claims notwithstanding, the allegations in her complaint certainly call into question Kinney's professional medical judgment and competence as a veterinarian. Indeed, the actual substance of Merritts's allegations raised only claims of professional negligence. Consequently, Merritts was required to comply with the provisions of OCGA § 9-11-9.1, and her failure to do so authorized the dismissal of her complaint.[14]

_____

[14] *See Hobbs v. Great Expressions Dental Ctrs. of Ga., P.C.*, 337 Ga. App. 248, 248-49 (786 SE2d 897) (2016) (holding that an expert affidavit was required to support plaintiff's claim against dental care provider for breach of contract, because gist of purported breach-of-contract claim was that the dentists provided substandard care by negligently performing and failing to complete the services for which plaintiff paid); *Fortson*, 313 Ga. App. at 327-29 (holding that, although plaintiff's complaint purported to state various causes of action, including fraud, the substance of his allegations raised only claims of professional negligence against his former attorney and, therefore, the trial court was authorized to dismiss the complaint due to plaintiff's failure to comply with OCGA § 9-11-9.1); *Collins*, 237 Ga. App. at 862-63 (2) (affirming trial court's grant of veterinarian's motion to dismiss because plaintiff failed to file expert affidavit with complaint alleging veterinarian's professional negligence).

Nevertheless, on appeal (and previously in the first instance during the hearing on the defendants' motion to dismiss), Merritts contends that she was not required to file an expert affidavit because both of her claims allege intentional conduct by the defendants.[15] Specifically, she asserts that her claims for breach of contract and fraud are based on the contention Kinney did not perform *any* surgery, despite promising to do so. But this argument, again, is belied by the actual language in her original and amended complaints. Put simply, neither Merritts's complaint nor her amended complaint actually alleges that no surgery was performed. As discussed *supra*, beyond the absence of her negligence claim, her amended complaint is identical to her original complaint. And while recounting the background facts, the amended complaint alleges that the other veterinarians who examined her dog could not locate the internal band normally used in a lateral stabilization procedure, there is no explicit allegation that such a procedure was not performed. In fact, the amended complaint unequivocally claims that the lateral stabilization surgery was "performed instead"

---

[15] *See Labovitz v. Hopkinson*, 271 Ga. 330, 334 (3) (519 SE2d 672) (1999) (explaining that it is unnecessary to file an expert affidavit with a complaint asserting claims for intentional misconduct or acts against a professional, including claims for fraud and misrepresentation).

10

and "was not done properly."[16] Even Dr. Newton's affidavit, which was filed a month before the hearing on the matter and not filed with any amended complaint, equivocates between stating the surgery was not done and any surgery that was done did not meet the applicable standard of care.[17] So, while it is certainly true that our Civil Practice Act only requires "notice pleading" (*i.e.*, a short and plain statement of the claim), a complaint must still give a defendant "notice of the claim in terms

---

[16] *Cf. Williams v. Murrell*, 348 Ga. App. 754, 759 (1) (b) (824 SE2d 638) (2019) (holding that expert affidavit was not necessary to support complaint specifically alleging physician fraudulently billed plaintiff for medical services that were never provided).

[17] In her reply brief on appeal, Merritts objects to the defendants' argument that Newton's affidavit constitutes an untimely attempt to file an expert affidavit. In fact, Merritts strenuously asserts the affidavit was *not* submitted in an attempt to comply with OCGA § 9-11-9.1, but rather, as support for her allegation that no surgery was performed on her dog. But as discussed *supra*, we are not persuaded the affidavit accomplishes Merritts's alleged objective. Be that as it may, we agree with the defendants that Newton's affidavit was untimely and, therefore, does not salvage compliance with OCGA § 9-11-9.1 even if that had been Merritts's goal. *See MCG Health, Inc. v. Casey*, 269 Ga. App. 125, 126-27 (603 SE2d 438) (2004) (explaining that under OCGA § 9-11-9.1 (b), contemporaneous filing requirement is not applicable, and a plaintiff has an automatic right to file the affidavit within 45 days of filing the complaint in the following limited circumstances: (1) when the limitation period will expire within ten days of the date of filing the complaint; and (2) when the plaintiff alleges that because of the time constraints an expert affidavit could not be prepared, but if circumstances do not apply late-filed affidavit will not prevent dismissal of complaint).

sufficiently clear to enable him to frame a responsive pleading thereto."[18] And here, rather than place the defendants on notice of any intentional misconduct claim, Merritts's complaint—even construed generously—called into question the defendants' judgment and competence.[19] Accordingly, the trial court did not err in granting the defendants' motion to dismiss.

2. Merritts also contends the trial court erred in dismissing her complaint on the ground that she failed to sufficiently plead fraud. But given our holding, *supra*, that the trial court did not err in dismissing Merritts's complaint for failure to file an expert affidavit, we need not address this issue.

*Judgment affirmed. Mercier and Markle, JJ., concur.*

---

[18] *Patrick v. Verizon Directories Corp.*, 284 Ga. App. 123, 124 (643 SE2d 251) (2007) (punctuation omitted).

[19] *See supra* note 14 & accompanying text.