**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

May 21, 2024

# In the Court of Appeals of Georgia

A24A0073. GRIFFIN v. THE EMORY CLINIC INC. et al.

GOBEIL, Judge.

Joseph Griffin filed suit against The Emory Clinic, Inc. ("Emory"), David R. Propp, M.D., and his medical assistant, Anna Smith (collectively, the "Defendants"), alleging negligence based on injuries he suffered from a fall during a medical visit. The trial court granted the Defendants' motion to dismiss, on the basis that Griffin failed to file an expert affidavit in compliance with OCGA § 9-11-9.1 (a), even though his complaint alleged professional malpractice. Griffin now appeals, arguing in interrelated enumerations of error that the trial court erred in granting the motion to dismiss because Smith is not a licensed medical professional for whom an expert

affidavit under OCGA § 9-11-9.1 (a) is required. For the reasons that follow, we affirm in part and reverse in part.

> A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of the relief sought by the claimant, the complaint is sufficient and a motion to dismiss should be denied. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor. On appeal, a trial court's ruling on a motion to dismiss for failure to state a claim for which relief may be granted is reviewed de novo.

*Eastside Recovery, LLC v. Calhoun*, 368 Ga. App. 385, 386 (890 SE2d 135) (2023) (citation and punctuation omitted).

So viewed, the record shows that since 2005, Griffin has been wheelchair-bound and is non-weight-bearing at the baseline. On September 3, 2020, Griffin visited Emory for a regular medical examination with Dr. Propp, his long-term physician. Before being seen by Dr. Propp, Griffin was taken by Smith, Dr. Propp's medical

2

assistant, to get weighed. Griffin was instructed by Smith to get out of his wheelchair without assistance and to climb onto a weighing machine. While trying to get onto the machine, Griffin fell and suffered injuries, including a femur fracture in his right leg.

On August 22, 2022, Griffin filed the instant complaint, alleging that the Defendants were negligent in causing his injuries because they "knew or ought to have known that [Griffin,] based on his medical condition and age[,] should have been weighed with a machine that fits his condition and[/]or aided while climbing and standing on a weighing machine for his weight to be taken." Griffin did not attach an expert affidavit, pursuant to OCGA § 9-11-9.1 (a), to his complaint. The Defendants filed an answer, and also moved to dismiss the complaint due to Griffin's failure to file an expert affidavit in support of his professional malpractice claim.

At oral argument, Griffin, through counsel, admitted that his fall was not the result of tripping or slipping. Rather, he alleged that he fell "because based on [his] condition, he shouldn't have been told to rise from his wheelchair when [the Defendants knew] that he can't do that." The trial court granted the motion to dismiss, concluding that Griffin was required to file an expert affidavit as his claim sounded in professional negligence based on his contention that "because [the]

Defendants knew of his medical condition and medical limitations, they should not have instructed him to stand unassisted." The instant appeal followed.

Griffin argues that the trial court erred in granting the Defendants' motion to dismiss for failure to include an expert affidavit because Smith, the medical assistant whose alleged negligence caused his injuries, is not a licensed professional for whom an expert affidavit under OCGA § 9-11-9.1 is required. In a related claim of error, he asserts that the trial court failed to consider Smith's classification as a non-licensed medical professional before dismissing the complaint. At this stage of the proceeding, we agree.

As an initial matter, the Defendants highlight in their appellate brief that Griffin failed to raise his argument about Smith's status as a non-licensed medical professional in the trial court.

> Nevertheless, OCGA § 9-11-9.1 imposes an initial pleading requirement on the plaintiff in a malpractice action, and in reviewing the grant of a motion to dismiss for failure to state a claim, it is the duty of the appellate court to construe the pleadings in the light most favorable to the appellant with all doubts resolved in appellant's favor.

*Procter v. Gwinnett Pulmonary Group, P.C.*, 312 Ga. App. 486, 487 (1) (718 SE2d 860) (2011) (citations and punctuation omitted). And a motion to dismiss based upon the lack of an expert affidavit "is one for failure to state a claim under OCGA § 9-11-12 (b) (6)." *Zephaniah v. Ga. Clinic, P.C.*, 350 Ga. App. 408, 410 (829 SE2d 448) (2019) (citation and punctuation omitted); *Holloway v. Northside Hosp.*, 230 Ga. App. 371, 371-372 (496 SE2d 510) (1998) (dismissing claim where the plaintiffs alleged the nurses "should have known that she was subject to falling" because the claim amounted to professional negligence and the plaintiffs' failure to attach a professional affidavit mandated dismissal). As a result, "it was incumbent upon the Defendants to establish before the trial court that [Griffin] failed to state a claim, and our reversal is based upon our application of the correct standard of review of [Griffin's] complaint." *Procter*, 312 Ga. App. at 487 (1) (footnote omitted). See also *Ford v. Ford*, 349 Ga. App. 45, 47 (2) (a) (825 SE2d 449) (2019) ("Where a defendant obtains the dismissal of an action for failure to state a claim without demonstrating the statutory prerequisites for that dismissal, the plaintiff may assert that failure on appeal using a specific argument not made to the trial court.") (physical precedent only).

In his complaint, Griffin did not list out separate claims or allegations against each defendant. Rather, he generally alleged that the "Defendants knew or ought to have known that [Griffin,] based on his medical condition and age[,] should have been weighed with a machine that fits his condition and[/]or aided while climbing and standing on a weighing machine for his weight to be taken." The Defendants highlight that Griffin's complaint against the Defendants "in its entirety sounds in professional negligence," and therefore, he was required to file an expert affidavit.

However, in his complaint, Griffin asserted that Smith, a medical assistant, performed negligent acts — namely, requiring Griffin to climb onto the weighing scale unassisted despite his known physical limitations — which resulted in his fall and subsequent injuries. OCGA § 9-11-9.1 (a) requires the contemporaneous filing of an expert affidavit only in professional malpractice claims asserted against certain professionals, and "medical assistant" does not fall into any of the categories of professionals enumerated within the Code section.[1] See *Pattman v. Mann*, 307 Ga.

---

[1] See OCGA § 9-11-9.1 (g) (listing architects, attorneys at law, audiologists, certified public accountants, chiropractors, clinical social workers, dentists, dietitians, land surveyors, marriage and family therapists, medical doctors, nurses, occupational therapists, optometrists, osteopathic physicians, pharmacists, physical therapists, physicians' assistants, podiatrists, professional counselors, professional engineers, psychologists, radiological technicians, respiratory therapists, speech-language

App. 413, 417 n.13 (701 SE2d 232) (2010) (noting that the "affidavit requirement does not apply to any acts committed by [the lab technologist], who is not recognized as a 'professional' under Georgia law"); *Sembler Atlanta Dev. I, LLC v. URS/Dames & Moore, Inc.*, 268 Ga. App. 7, 9 (601 SE2d 397) (2004) (explaining that, by its specific terms, OCGA § 9-11-9.1 (a) limits the expert affidavit requirement to professional malpractice suits against members of one of the enumerated professions or the employer of same when the employer's liability is predicated on the professional negligence of such employee).

Thus, construing the allegations of the complaint in the light most favorable to Griffin, as we must on a motion to dismiss, his complaint could be read to state a claim for ordinary negligence against Smith, a medical assistant. And medical assistant does not fall within any of the categories of professionals enumerated in OCGA § 9-11-9.1 (g). Consequently, he was not required to file an expert affidavit in order to state a claim against Smith. See *Procter*, 312 Ga. App. at 488 (1) (reversing dismissal of action on the basis that plaintiff was not required, under OCGA § 9-11-9.1 (a), to file an

pathologists, or veterinarians); see also *Gillis v. Goodgame*, 262 Ga. 117, 118 (414 SE2d 197) (1992) ("the affidavit requirements of [OCGA] § 9-11-9.1 apply only to those professions recognized under Georgia law," including the predecessor statute to OCGA § 9-11-9.1).

expert affidavit in support of negligence claim against a medical defendant whom she characterized as a "technician," given that "technician" did not fall within any of the categories of professionals enumerated in OCGA § 9-11-9.1 (g)).

The Defendants maintain that, even if Griffin did not need to provide an expert affidavit as to Smith, Griffin's complaint does not allege that either Emory or Dr. Propp are liable for Smith's negligence in causing Griffin's injuries under a theory of respondeat superior or vicarious liability. However, in his complaint, Griffin alleged that Smith is Dr. Propp's medical assistant and was acting under Dr. Propp's "negligent instruction."[2] Importantly, "[a] complaint is not required to set forth a cause of action, but need only set forth a claim for relief. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient." *Sulejman v. Marinello*, 217 Ga. App. 319, 320 (2) (457 SE2d 251) (1995) (citation and punctuation omitted). See *Depository Trust and Clearing Corp. v. Jones*, 348 Ga. App. 474, 477 (1) (823 SE2d 558) (2019) ("the objective of the Civil Practice Act is to avoid technicalities and to require only a short and plain statement of the claim that will give the defendant fair notice of what the

---

[2] In their appellate brief, the Defendants describe that Smith was "acting at the direction of Dr. Propp and Emory."

claim is and a general indication of the type of litigation involved; the discovery process bears the burden of filling in details") (citation, punctuation and emphasis omitted). Additionally, "[t]here are instances in which actions performed by a professional are nevertheless not professional acts constituting professional malpractice, but, rather, are acts of simple negligence which would not require proof by expert evidence." *Brown v. Tift County Hosp. Auth.*, 280 Ga. App. 847, 850 (635 SE2d 184) (2006) (citation and punctuation omitted).

> Where the professional's alleged negligence requires the exercise of professional skill and judgment to comply with a standard of conduct within the professional's area of expertise, the action states professional negligence. But where the allegations of negligence do not involve professional skill and judgment, the action states ordinary negligence. Whether a complaint alleges ordinary or professional negligence is a question of law for the court.

*Health Mgmt. Assoc., Inc. v. Bazemore*, 286 Ga. App. 285, 287 (648 SE2d 749) (2007) (citations and punctuation omitted). See, e.g., *Hillhaven Rehabilitation & Convalescent Ctr. v. Patterson*, 195 Ga. App. 70, 71-72 (2) (392 SE2d 557) (1990) (failure to assist patient in getting in and out of bed in weakened condition, if true, constituted ordinary negligence); *Candler Gen. Hosp. v. McNorrill*, 182 Ga. App. 107, 110 (2) (354 SE2d

872) (1987) ("[T]he safe movement of appellee from the stretcher or casting table to the wheelchair was merely an act of relative physical strength and dexterity rather than an act requiring the exercise of expert medical judgment."). Accordingly, we reverse the trial court's dismissal of Griffin's claims against Smith and any derivative claims against Emory and/or Dr. Propp alleging ordinary negligence for failure to file an expert affidavit under OCGA § 9-11-9.1. See *Procter*, 312 Ga. App. at 488 (1).

To the extent Griffin's complaint alleges a claim for professional negligence against Dr. Propp, a licenced health care professional under OCGA § 9-11-9.1 (g), or against Emory as vicariously liable for professional negligence, the trial court properly granted the Defendants' motion to dismiss due to Griffin's failure to file an expert affidavit as required by OCGA § 9-11-9.1 (a). See *Bazemore,* 286 Ga. App. at 286 (When a plaintiff files a lawsuit against a licensed health-care facility "based on a claim that the facility is vicariously liable for the professional malpractice of a health care professional licensed by the State of Georgia and listed in [OCGA § 9-11-9.1 (g)], the plaintiff is required to file an expert affidavit with the complaint in accordance with the requirements of OCGA § 9-11-9.1 (a).").

*Judgment affirmed in part and reversed in part. Barnes, P. J., and Pipkin, J., concur.*